# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local #10 Control Board Trust Fund,

Plaintiffs,

vs.

Kathryn A. Johnson, individually and d/b/a Midway Sheet Metal and Heating,

Defendant.

Civil File No. 01-1892 DSD/JMM

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No one, appeared for Defendant.

This matter came on for hearing before the Court on February ______, 2002, on Plaintiffs' motion for entry of Defendant's default, for interim default judgment.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on October 23, 2001.

2. That Defendant is neither an infant nor an incompetent person.

3. That Defendant has failed to Answer, or otherwise defend, and is in default.

4. Defendant is signatory to the Labor Agreement between the Sheet Metal International Association Local Union No. 10 Duluth-Superior ("the Union") and Duluth Superior Master Sheet Metal, Roofing and Air Conditioning Contractors Association.

FILED FEB 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 15 2002
DEPUTY CLERK ________

5. That subsequent to the service of the Summons and Complaint, Defendant submitted the Report Forms and base fringe benefit contributions for the months of June 2001, July 2001 and August 2001. The Report Forms are attached to the Affidavit of Andrew E. Staab.

6. That pursuant to the Labor Agreement and 29 U.S.C. §1132, Defendant is obligated to pay Plaintiffs liquidated damages in the amount of $4,609.52, attorney fees in the amount of $500.00, filing fee in the amount of $150.00, and service of process in the amount of $72.20, for a total in the amount of $ $5,331.72 ($4,609.52 + $500.00 + $15.00 + $72.20 = $5,331.72).

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion or entry of Defendant's default and for interim default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Defendant is entitled to interim default judgment in the amount of $5,331.72.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendant is in default, and Plaintiffs are entitled to interim default judgment against Defendant for liquidated damages in the amount of $4,609.52, attorney fees in the amount of $500.00, filing fee in the amount of $150.00, and service of process in the amount of $72.20, for a total in the amount of $5,331.72 ($4,609.52 + $500.00 + $150.00 + $72.20 – $5,331.72).

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the issuance of the requested Injunction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 15, 2002

David S. Doty
United States District Judge